IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| EARL ROBERT VELGER,        )<br>                             )<br>          Plaintiff,          )<br>                             )<br>vs.                          )<br>                             )<br>DARWIN CARR, individually and as trustee of  )<br>LIVE BY FAITH IRREVOCABLE TRUST,  )<br>                             )<br>          Defendants.         )<br>_____ ) | CIVIL NO. 2010-42 |
| LIVE BY FAITH IRREVOCABLE TRUST,  )<br>                             )<br>          Plaintiff,          )<br>                             )<br>vs.                          )<br>                             )<br>EARL ROBERT VELGER and JOHN DOE,  )<br>a/k/a MITCH MURDJEFF as local agent for  )<br>EARL ROBERT VELGER,          )<br>                             )<br>          Defendants.         )<br>_____ ) | CIVIL NO. 2010-51 |

ORDER

On May 25, 2010, defendants Earl Velger and Mitch Murdjeff removed *Live by Faith Irrevocable Trust v. Velger, et al.,* Civil No. 10-51, from the Superior Court of the Virgin Islands, alleging that complete diversity exited. On July 9, 2010, on Velger's motion, that action was consolidated with *Velger, et al., v. Carr, et al.,* Civil No. 10-42. On December 27, 2010, the Trust moved to amend the complaint in the *Live By Faith Irrevocable Trust v. Velger* action, to substitute the trustee, Darwin Carr, for the Trust as plaintiff, and to name Murdjeff individually as a defendant. In a hearing on December 28, 2010, Velger and Murdjeff stated that they did not

*Live By Faith Irrevocable Trust v. Velger*, et al.
Civil No. 2010-51
Order
Page 2 of 3

oppose the motion and, on even date, the Court granted the Trust's unopposed motion to amend the complaint.

Velger now "revokes" his previous consent to the motion and he and Murdjeff seek reconsideration of the Court's December 28 Order granting the Trust's motion to amend the complaint. They contend that granting the motion would deprive the Court of subject matter jurisdiction because there is no diversity of citizenship as between trustee Carr and Murdjeff[1].

28 U.S.C. § 1332(a)(1) provides that district courts shall have original jurisdiction of all civil actions between citizens of different states where the matter in controversy exceeds $75,000, exclusive of interest and costs. Jurisdiction based on diversity of citizenship requires "that each plaintiff's citizenship must be diverse from each defendant's citizenship."[2] Further, "[a]llegations of the citizenship of all parties to the lawsuit must appear in the complaint."[3] An allegation of "residency in a state is insufficient for purposes of diversity."[4] Here, the amended complaint does not allege the parties' citizenship. It merely alleges the residency of the parties. Accordingly, it is hereby

---

[1] In their removal notice, Murtjeff (whose name is sometimes alternatively spelled "Murdjeff"), and Velger represented that Murtjeff was a "resident" of Florida. Now they claim he is a "citizen, resident and domiciliary" of the Virgin Islands.

[2] *Blue v. Abbot*, 2009 U.S. Dist. LEXIS 69471, at *1 (D.V.I. August 6, 2009)(citing *Carden v. Arkoma Association*, 494 U.S. 185, 187 (1990)).

[3] *Lentino v. Fringe Employee Plans, Inc.,* 611 F.2d 474, 478 (3d Cir. 1979) (citing *Guerrino v. Ohio Casualty Insurance Company*, 423 F.2d 419, 421 (3d Cir. 1970)).

[4] *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) (citing *Sun Printing and Publishing Association v. Edwards*, 194 U.S. 377 (1904)).

*Live By Faith Irrevocable Trust v. Velger, et al.*
Civil No. 2010-51
Order
Page 3 of 3

      ORDERED that defendants' motion for reconsideration is GRANTED; it is further

      ORDERED that Court's December 28, 2010 Order is VACATED; and it is further

      ORDERED that plaintiff shall have 10 days from the date of this Order to file an amended complaint that alleges the citizenship of the parties.

      S_____
      **RUTH MILLER**
      United States Magistrate Judge